43 F.3d 1473
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James S. CROWELL, Defendant-Appellant.
 No. 94-5089.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: NELSON, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 James Crowell takes a direct appeal from his criminal conviction. The only issue raised is the propriety of the district court's decision to deny a motion to suppress evidence. The parties have expressly waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, James Crowell and his wife were named in a three-count indictment for drug and firearm offenses and a superseding four-count indictment containing forfeiture provisions. Crowell subsequently moved to suppress incriminating drug and firearm evidence seized from his residence. The district court denied this motion and Crowell entered into a conditional guilty plea. Crowell agreed to plead guilty to one count of possession with intent to distribute controlled substances, in violation of 21 U.S.C. Sec. 841(a)(1), while reserving his right to appeal the order denying his motion to suppress. The district court accepted his plea and sentenced Crowell to imprisonment for a term of 37 months. This appeal followed.
 
 
 3
 The sole issue on appeal is the adequacy of the affidavit upon which the search warrant was based. The record and law support the district court's decision that the affidavit, as supplemented by an oral statement to the issuing magistrate, was adequate.
 
 
 4
 In June 1993, Bobby Fitch, a Deputy Sheriff of Lincoln County, Tennessee, received telephone calls from the Sheriff of Moore County, Tennessee, and another Moore County officer. The substance of the calls was that the Moore County Sheriff, Mark Logan, had received a tip from an arrestee concerning the presence of marijuana, stolen firearms and Valium at Crowell's residence in Lincoln County. Fitch proceeded to the Moore County Sheriff's Department, where the tipster confirmed this information. In addition, the Moore County Sheriff told Fitch that the tipster had provided reliable information of illegal activity on two prior occasions. Based on these exchanges, Deputy Fitch executed an affidavit in support of an application for a warrant to search Crowell's residence.
 
 
 5
 The affidavit was prepared on a pre-printed form containing a "fill in the blanks" section and space for hand-written comments. Deputy Fitch noted the following in the hand-written section:
 
 
 6
 "This officer did receive information from a confidential reliable informant that James Crowell is in possession of marijuana, Valiums and stolen property, to wit, stolen guns. The confidential information to Sheriff Logan which has led to arrest and conviction on at least (2) two occasions. The confidential informant was in the residence in the last 72 hours and did see the contraband described above."
 
 
 7
 The "fill in the blanks" section, as completed by Deputy Fitch, read as follows: "Affiant believes that said information is true because same was furnished to him by a confidential informant, who affiant is personally acquainted with and who affiant has used in the past on 1 occasion(s), and that affiant has found said information given to him in the past by informant to be accurate and correct. That 2 arrest(s) and 2 conviction(s) were obtained from information given affiant by said confidential informant. As a result of said information affiant prays that a search warrant be issued authorizing affiant to enter and search the person premises described hereinabove."
 
 
 8
 Deputy Fitch testified he orally informed the issuing official that Sheriff Logan was the source of his information concerning the tipster's reliability. The district court accepted the testimony as true.
 
 
 9
 Crowell contends that the warrant was defective because some of the statements in the affidavit were false. The affiant, Crowell says, did not have the first-hand knowledge of the tipster's reliability that he attested he had.
 
 
 10
 In reviewing the denial of a motion to suppress evidence, this court must consider the evidence in the light most favorable to the government. United States v. Williams, 962 F.2d 1218, 1221 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992). The district court's findings of fact are reviewed for clear error, and the court legal conclusions are reviewed de novo. Id.; United States v. Duncan, 918 F.2d 647, 650 (6th Cir.1990), cert. denied, 500 U.S. 933 (1991). A magistrate's determination of probable cause for issuance of a warrant should be paid great deference. Illinois v. Gates, 462 U.S. 213, 236-37 & n. 10 (1983).
 
 
 11
 It cannot be gainsaid that a portion of the affidavit at issue here is false. The affiant, Deputy Fitch, had not used the tipster in the past and had received no information from him. The representation to the contrary in the "fill in the blanks" paragraph were manifestly untrue.
 
 
 12
 Our inquiry does not end with this fact, however. The law recognizes that affidavits are normally drafted by nonlawyers, frequently in exigent circumstances. United States v. Ventresca, 380 U.S. 102, 109 (1965). Here the district court found that the issuing authority was well aware that Sheriff Logan, not Deputy Fitch, vouched for the tipster's reliability. This finding is not clearly erroneous. The failure of Deputy Fitch to indicate by interlineation what the issuing authority had already been told was not fatal to the search warrant. If the offending paragraph were severed from the rest of the affidavit, moreover, see Franks v. Delaware, 438 U.S. 154 (1978), the remaining portions of the affidavit would be adequate to support the issuance of a warrant.
 
 
 13
 Accordingly, the district court's judgment is affirmed.